**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49455**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 27, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEREMY EUGENE HANSFORD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction and aggregate sentences of twenty years, with a minimum period of incarceration of ten years, for ten counts of possession of sexually exploitative material, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Jeremy Eugene Hansford was found guilty of ten counts of possession of sexually exploitative material, Idaho Code § 18-1507(2)(a). For the first count, the district court imposed a determinate ten-year sentence. For each of the remaining nine counts, the district court imposed a ten-year indeterminate sentence with these sentences to run concurrently with each other, but consecutive to the first count. Hansford appeals, contending that his sentences are excessive and requests this Court to reduce his sentence to a unified fifteen-year sentence, with a minimum period of incarceration of two and one-half years.

1

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Hansford's judgment of conviction and sentences are affirmed.